UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REALITY MARTIN,

                 Plaintiff,

-against-

BROOKLYN EAGLE NEWSPAPER,

                 Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-2973 (ENV)

VITALIANO, United States District Judge:

Plaintiff Reality Martin, currently incarcerated at Rikers Island Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendant violated his civil rights by improperly publishing his name. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but for the reasons discussed below, dismisses the complaint.

## BACKGROUND

Plaintiff alleges that he presented a legal document to defendant stating that his name had been changed, "[b]ut Bklyn Eagle newspaper slander my name and publish it in all capitalize letters risking me to be taking advantage of. This office failure to pay proper attention disregarded me being a sovereign." Compl. at 4. Plaintiff seeks $10 million in money damages and "a replacement of editor and a publicity apology and publish in the news paper." Compl. at 5.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

1

## DISCUSSION

Section 1983 Claim

A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 claim in this complaint, he must first establish that the conduct of defendant is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. However, the Brooklyn Eagle Newspaper is a private company whose conduct cannot be fairly attributed to the State.[1] Therefore, plaintiff's claim cannot proceed under 42 U.S.C. § 1983.

Subject Matter Jursidiction

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se* his submission should be held "to less stringent standards than formal pleadings drafted by

---

[1] Plaintiff's claim resembles the famed "flesh-and-blood" defense that has become popular among criminal defendants, in which defendants claim that the federal courts have no jurisdiction over them in part because capitalization of their names in court captions denies them their status as sovereign entities. See, e.g., United States v. Mitchell, 405 F.Supp.2d 602 (D.Md. 2005). Incoherent as this defense is in the criminal context, it makes even less sense as the basis of a civil claim.

lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342, 347 (E.D.N.Y. 2002) (*pro se* status does not exempt party from compliance with relevant rules of procedural and substantive law).

The subject matter jurisdiction of the federal courts is limited and the basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). Here, federal question jurisdiction is not available in the instant action under 28 U.S.C. § 1331 because plaintiff's claim does not present a federal question. Arbaugh, 126 S.Ct. at 1244 ("A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States.") (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Plaintiff's complaint attempts to invoke this Court's jurisdiction by alluding to violations of federal law, but a constitutional claim in and of itself is not sufficient to confer jurisdiction where such a claim is nothing more than a state court claim "recloaked in constitutional garb." Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946)) (a claim invoking federal question jurisdiction under § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable or is wholly insubstantial and frivolous). Here, plaintiff's claim is, at best, a state law slander claim and

he has unsuccessfully attempted to re-characterize this state law claim as a violation of the Constitution. Sanchez v. Thompson, No. 07 CV 531, 2007 WL 4574727, at *4 (E.D.N.Y. Dec. 26, 2007); see also Estes v. Doe, No. 97 Civ. 8133, 1999 WL 983886, at *6 (S.D.N.Y. Oct. 29, 1999) (holding that "plaintiff's bald assertion that defendants [ ] violated numerous amendments to the Constitution, without any elaboration, fails to state any cause of action as a matter of law.").

Diversity jurisdiction is also lacking in this case since plaintiff and defendants are all citizens of New York. See 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (a district court may only exercise original jurisdiction over cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). As such, this Court lacks subject matter jurisdiction over this matter.

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
JUL 2 8 2008

s/ENV
_____
ERIC N. VITALIANO
United States District Judge